[Civ. No. 7015. Second Appellate District, Division Two.—January 14, 1932.]

PETER JOHNSON, Appellant, v. MARY A. GRIMES et al., Respondents.

Charles L. Kelly and A. G. Alm for Appellant.

No appearance for Respondents.

CRAIG, J.—Judgment having been rendered in favor of the defendants in an action upon a conditional agreement for the payment of money to the plaintiff's assignor, the plaintiff appealed.

The complaint embraced *in haec verba* a written instrument reciting that whereas a named corporation was indebted to one W. I. Shanklin in the sum of $2,400 for services rendered, the said defendants would cause payment of the same to be made, ''and failing therein we, the undersigned, will each pay such proportion thereof as the amount in value of property received by each of the undersigned through, by or from said corporation bears to the whole amount received by all of the undersigned''. It was further alleged, and admitted by failure to deny the same, that the defendants each agreed to pay in such proportion as the value of property received should bear to the whole amount received by them, and that ''said defendants did not, nor did any of the said defendants, at any time or times receive any property whatsoever through, by or from the same corporation''. From the evidence introduced, the trial court found that there was no consideration for the execution of said contract, and that it was executed solely for the purpose of aiding Shanklin and to enable him to raise money by assigning the same.

Appellants contend that the plaintiff paid to his assignor a consideration for the instrument, and that being in writing its consideration in the first instance must be presumed. The direct evidence of appellant's own witnesses establishes without contradiction that the corporation was in fact not obligated to his assignor, and that there was no valid consideration for the document in question, and that respondents received no property whatsoever through or from said corporation. It further appeared that their right to receive anything of value from the corporation was denied by judicial decree, and was a matter of public record.

Hence, the presumption asserted falls before positive proof, and is of no avail.

The judgment is affirmed.

Works, P. J., and Thompson (Ira F.), J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 13, 1932.